

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Charles E. Baughman, Chief Clerk
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. 0-4356
Re: The transfer of certain sums
from the subject special
funds into the general fund
pursuant to Senate Bill 423,
Acts of 47th Legislature.

     Your letter of January 23, 1942, requesting a legal
opinion from this department, incorporates the following let-
ter to your department from the Comptroller of Public Accounts:

"Mr. M. A. Morris, Auditor
Department of Agriculture
Austin, Texas

Dear Sir:

"Senate Bill 423, Acts of the Forty-seventh Legisla-
ture, provides for the transfer of the following
sums out of special funds of the Department of
Agriculture to the General Revenue Fund:

| | |
|---|---|
| Citrus Grading | $2,000 |
| Citrus Fruit Inspection | 1,750 |
| Agricultural Protective Act | 450 |

"It has been the practise of this Department to make
such statutory transfers in March of each year when
the fund balance will permit. My observation is that
the Citrus Grading Fund operates within a very narrow
margin of balance, and in order to avoid unnecessary
interference with the Division's functions, may I
suggest that you accumulate a balance out of several
month's receipts to provide for the transfer?

        Yours very truly
/signed/ - GEORGE H. SHEPPARD
        Comptroller of Public Accounts"

You request our opinion upon the validity of the following provisions of Senate Bill 423, Acts of the 47th Legislature, pursuant to which the Comptroller has written you as above set out:

"Transfer from Special Funds. In addition to the sums to be transferred to the General Revenue Fund from special funds as heretofore authorized in this Act and in other statutes, there is hereby appropriated and the Comptroller and Treasurer shall transfer during each year of the biennium beginning September 1, 1941, the following sums out of the respective special funds to the General Revenue Fund for the purpose of repaying said General Revenue Fund for services rendered by the administrative departments operating from General Revenue appropriations; Citrus Grading Fund, Two Thousand ($2,000.00) Dollars; Citrus Fruit Inspection Fund, One Thousand Seven Hundred Fifty ($1,750.00) Dollars; Agricultural Protective Act Fund, Four Hundred Fifty ($450.00) Dollars; * * *"

These special funds have different legislative backgrounds but the question you have propounded regarding the validity of each transfer directed by Senate Bill 423 are essentially the same.

Each fund is, as your letter points out, a special and continuous fund to be used for purposes specified in the legislative act creating the fund. However, the transfers directed by Senate Bill 423, for the purposes stated, and in the amounts specified, do not constitute transfers of these special funds for purposes other than as specified in the original legislative Acts, and amendment thereto. The purpose is that of proportionately reimbursing the general revenue fund "for services rendered by the administrative department operating from general revenue appropriations."

It is to be recognized that a portion of the administrative expense involved in the operation, under the Department of Agriculture, of these particular legislative acts, the Citrus Grading Act, the Citrus Fruit Inspection Act and the Agricultural Protective Act, has been paid out of the general fund. The Act of the Legislature in Senate Bill 423, in directing the transfer of certain amounts from these special funds to

the general fund, is merely the method adopted whereby these funds contribute to the general fund in reimbursement for administrative expenses necessarily involved in the enforcement of the special acts by the Department of Agriculture and which have been paid from general revenue appropriations. The special funds therefore are still being used in defraying the expenses incident to and arising out of the particular activities provided for in the particular statutes.

In consequence, there is no question presented of the diversion of special funds nor of the attempted repeal or amendment of a statute through the medium of a general appropriation bill.

Accordingly it is our opinion that the quoted provisions of Senate Bill 423 are valid and that the acts of the Comptroller in respect thereto are authorized by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    /signed/
    Zollie C. Steakley
      Assistant

ZCS:ej

APPROVED FEB. 3, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/ B.W.B., Chairman